**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HERBERT E. HOBBS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1174-G (BF) |
| | § | |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference of July 11, 2008, the District Court referred Herbert E. Hobbs' ("Plaintiff") social security appeal, filed July 11, 2008, to the United States Magistrate Judge for hearing, if necessary, and recommendation. This is an appeal from the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Commissioner filed an answer on September 8, 2008. The Court considered the Plaintiff's motion for summary judgment and supporting brief, filed September 24, 2008, the Commissioner's response and brief, filed October 24, 2008, Plaintiff's reply, filed November 5, 2008, and the record in connection with the pleadings. For the reasons stated, the Court recommends that the final decision of the Commissioner be AFFIRMED.

## BACKGROUND

### Procedural History

On April 23, 2004, Herbert Edgar Hobbs ("Plaintiff") filed an application for disability insurance benefits under Title II of the Social Security Act. (Tr. 13,67-9.) Plaintiff alleged disability beginning November 4, 2002, because of stroke, carpel tunnel syndrome, appendicitis, loss of hearing in both ears, and post traumatic stress disorder ("PTSD"). (Tr. 13, 67-9, 98, 107, 113.) The Commissioner denied Plaintiff's application initially and on reconsideration. (Tr. 13, 24-25, 51-54, 57-60.) An Administrative Law Judge ("ALJ") held a hearing on June 13, 2007. (Tr. 13, 799-826.) On July 19, 2007, the ALJ issued a decision finding that Plaintiff was not disabled for purposes of the Act (Tr. 13-21.) After the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. (Tr. 5-8.) The case is now before this Court by referral of the District Court.

### Factual History

1.  Plaintiff's Age, Education, and Work Experience

Plaintiff was born October 20, 1946, in Detroit, Michigan and was sixty years old at the time of the ALJ's decision. (Tr. 71.) He obtained a high school diploma (Tr. 20) and has past relevant work experience as a library assistant and janitorial supervisor (Tr. 18).

2.  Plaintiff's Hearing

At the hearing conducted by the ALJ, Plaintiff testified as to his symptoms and functional limitations. Plaintiff testified that he "tires easily," which he attributed to multiple medications and lack of sleep due to nightmares and anxiety. (Tr. 15.) He also claimed an inability to stand more than "ten-to-fifteen minutes" or "walk more than 100 yards" to a crushing foot injury. (*Id.*) Plaintiff

2

testified to pain in his shoulders, hands and knees. (*Id***.**) Coumadin has been prescribed for Plaintiff. As a result of the medication, Plaintiff bruises easily and has given up woodworking. (*Id*.) Although Plaintiff attributed nightmares, panic attacks, inappropriate or embarrassing remarks, and mood swings to his post-traumatic stress disorder, he acknowledged that Prozac is effective. (*Id*.) Plaintiff gave up household chores and yard-work, but still followed current events, visited friends or relatives and continued active involvement in his church.

Shelly K. Eike, MS, CRC, LPC testified at the hearing as a vocational expert ("VE"). (*Id.* at 19.) The VE concluded that Plaintiff's prior skills from past work could transfer to sedentary level jobs. (*Id.*) Plaintiff was capable of performing sedentary work based upon the VE's analysis of the hypothetical person described by the ALJ. (*Id.*) Plaintiff's counsel asked the VE whether the hypothetical person could perform the sedentary work if the person had to lie down thirty minutes to three hours a day. (*Id.*) The VE responded that such a person could not perform the work. (*Id.*)

### The ALJ's Findings

The ALJ issued an unfavorable decision on July 19, 2007, after reviewing the evidence of record. (Tr. 13-21.) Plaintiff had not engaged in substantial gainful activity since the onset date of March 15, 2004, (Tr. 19) and was unable to perform his past relevant work (Tr. 20). After considering Plaintiff's residual functional capacity, age, education, transferable work skills and the VE testimony, the ALJ concluded that a sedentary job existed within Plaintiff's exertional capacity. (Tr. 20.) The job type of sorter remained within Plaintiff's limitations and the ALJ found significant sorter positions in the economy, 58,000 nationally and 1,500 locally. (Tr. 20.) The ALJ concluded that Plaintiff "was not under a disability as defined in the Social Security Act, at any relevant time." (Tr. 21.)

## ANALYSIS

### Legal Standard of Review

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove his disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during

the first four steps that the claimant is disabled or is not disabled. *Id*. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). At step five, once the Commissioner demonstrates that other jobs are available to a claimant, the burden of proof shifts to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

**Issues**

Plaintiff raises the following issues: (1) whether the ALJ erred by failing to evaluate medical source opinions; and (2) whether the ALJ failed to properly evaluate Plaintiff's credibility. The Commissioner responds that the substantial evidence supports the Commissioner's decision and that Plaintiff is not disabled within the meaning of the Act.

**Evaluation of Medical Opinions**

5

1.      Opinion of Dr. Elkanich

Plaintiff alleges that the ALJ failed to apply the proper legal standard in evaluating the record of G. Michael Elkanich, M.D. In the record, Dr. Elkanich recorded in the "HISTORY OF PRESENT ILLNESS" section of his examination notes that Plaintiff's "[s]itting time is 30 minutes," "[s]tanding time is 30 minutes," and his "[l]ying down time is ½ hour." (Tr. 601.) Although these restrictions were not included in the ALJ's findings, nor subjected to the six factor analysis under 20 C.F.R. § 404.1527(d), the ALJ committed no reversible error and applied the proper legal standard to these statements.

The ALJ considers "the six factors in subsection (d) only with respect to the *medical opinions* of treating physicians." *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (emphasis in original). A medical opinion reflects a physician's "judgment[] about the nature and severity of [Plaintiff's] impairment(s), including [] symptoms, diagnosis and prognosis, what [Plaintiff] can still do despite impairment(s), and [Plaintiff's] physical or mental restrictions." 20 C.F.R. 404.1527(a)(2). The restrictive statements in Dr. Elkanich's record are embedded in a section of information supplied by the Plaintiff. (Tr. 601.) The "PHYSICAL EXAMINATION" results provide no evidence that the examination conducted by Dr. Elkanich confirmed these restrictions.[1] (Tr. 600.) Dr. Elkanich did not connect the patient history in the record to the examination data or diagnosis. (Tr. 601.) The ALJ could not find the restrictive statements to be a medical opinion without substituting his own judgment for that of the physician's. *See, e.g.*, *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (Judge Posner warns that "judges, including administrative law judges

---

[1]The information following the time restrictions includes: "The pain wakes him up 2 times at night. He is able to do minimal household chores and daily activities. He is able to drive short distances." (Tr. 601). Dr. Elkanich's diagnostic results do not reflect an evaluation of these complaints.

6

of the Social Security Administration, must be careful not to succumb to the temptation to play doctor"). Accordingly, this Court finds no error in the ALJ's failure to apply the six factor analysis to the restrictive statements in Dr. Elkanich's record, because the statements do not constitute a medical opinion.

2.   Opinion of Dr. Garrett

Plaintiff also contends the ALJ failed to consider the opinion of James Garrett, M.D. In the record of Plaintiff's evaluation on March 15, 2004, Dr. Garrett stated that Plaintiff "was about to retire and cannot work anyways [sic]." (Tr. 350.) Under *Frank v. Barnhart*, physicians' determinations of "disabled" or "unable to work" are legal conclusions, "reserved to the Commissioner," and have no "'special significance' in the ALJ's determination." 326 F.3d 618, 620 (5th Cir. 2003); *see also*, 20 C.F.R. 404.1527(e). Plaintiff alleges that the ALJ's findings violate SSR 96-5p,[2] because "Social Security Rulings are 'binding on all components of the Administration.'" *Spellman v. Shalala*, 1 F.3d 357, 361 n.7 (5th Cir. 1993) (citing 20 C.F.R. § 422.406(b)(1) (1991)); *see also*, 20 C.F.R. § 402.35(b)(1). Plaintiff contends the ALJ committed error by not explicitly citing and refuting Dr. Garrett's statement. The ALJ, however, is under "no statutorily or judicially imposed obligation . . . to list explicitly all the evidence he takes into account in making his findings." *Hammond v. Barnhart*, 124 Fed. App'x. 847, 851 (5th Cir. 2005).

Additionally, the ALJ's findings demonstrate knowledge of the statement when he noted that the "claimant reported that he was retiring." (Tr. 14.) Because the ALJ referenced the very record

---

[2] *TITLES II AND XVI: MEDICAL SOURCE OPINIONS ON ISSUES RESERVED TO THE COMMISSIONER* states: "[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5P, 1996 WL 374183 (S.S.A.).

Plaintiff alleges was ignored, the Court cannot find that the ALJ failed to evaluate Dr. Garrett's statement. Instead, the ALJ's finding that Plaintiff can perform sedentary work, (Tr. 350), demonstrates an implicit rejection of Dr. Garrett's legal conclusion. The ALJ's decision to weigh and ultimately reject Dr. Garret's opinion was a proper application of the legal standard and deserves "great deference" by this Court. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

### Evaluation of Credibility

1.   Legal Standards of Credibility

The ALJ considers a claimant's subjective complaints as well as objective medical evidence when a claimant's physical impairment is not conspicuously disabling. *See Wingo v. Bowen*, 852 F.2d 827, 830 (5th Cir.1988); *Loya v. Heckler*, 707 F.2d 211, 214 (5th Cir.1983). Subjective pain is analyzed as a potential non-exertional limitation. *Dellolio v. Heckler*, 705 F.2d 123, 127 (5th Cir.1983); *see also Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir.1983). A claimant's pain must accompany a "medically determinable impairment that could reasonably be expected to produce ... symptoms such as pain" to support an application. 20 C.F.R. § 404.1529(b). When a claimant proves such a medically determinable impairment, an ALJ may not reject complaints of pain solely because medical evidence does not support those complaints to the degree alleged. 20 C.F.R. § 404.1529(c)(2).

Subjective complaints are often the only evidence of the limitations pain imposes upon the claimant. Regulation 20 C.F.R. § 404.1529(c)(3), instructs an ALJ to conduct a seven-factor analysis in order to determine objectively the credibility of a claimant's subjective complaints. The ALJ compares the testimony with certain factors:

(1) plaintiff's daily activities;

>    (2) location, duration, frequency and intensity of pain or other symptoms;
>
>    (3) precipitating and aggravating factors;
>
>    (4) type, dosage, effectiveness and side effects of medication taken to relieve pain or other symptoms;
>
>    (5) treatment, other than medication, undertaken to relieve pain or other symptoms;
>
>    (6) any other measures used to relieve pain or other symptoms; and
>
>    (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

*Id.* Failure to employ the seven-factor analysis when assessing credibility of subjective complaints constitutes legal error, because substantive regulations have the force and effect of law. *See Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002) (failure to follow regulation constitutes legal error); *see also Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990) (failure to follow standard established by regulation constitutes legal error).

The Commissioner instructs the ALJ to make specific credibility findings regarding subjective testimony. Social Security Ruling 96-7p states:

>    When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects."

S.S.R. 96-7p, 1996 WL 374186 (S.S.A.) at *1. Violation of agency rules taints the proceedings and resultant actions. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981) (*citing Pacific Molasses Co. v. Federal Trade Commission*, 356 F.2d 386 (5th Cir.1966)).

2.      Did the ALJ violate 20 C.F.R. § 404.1529(c)(3)?

9

Before an ALJ makes a determination of credibility, he must employ the seven-factor analysis required by 20 C.F.R. § 404.1529(c)(3). Plaintiff contends using the analysis supports a more favorable credibility finding. The role of the Court in reviewing this case, is not to re-weigh the evidence, but to determine if the ALJ employed the seven factor analysis.

The Commissioner's decision cites to the regulation, stating "I considered other relevant factors including . . . (1) claimant's daily activities; (2) the location, duration, frequency and intensity of his subjective complaints; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness and side effects of medication; (5) the prescribed treatment regimen; and (6) another palliative measures he may use." (Tr. 15.) The ALJ demonstrated use of these factors throughout his analysis.[3] The ALJ is not required to discuss each factor in rigid form as long as the decision is "sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. 2005). The ALJ committed no reversible error in applying 20 C.F.R. § 404.1529(c)(3).

3.   Did the ALJ violate SSR 96-7p or Fifth Circuit Precedent?

Plaintiff contends the Commissioner's decision lacks specificity in the credibility ruling, violating Fifth Circuit precedent, citing *Falco v. Shalala*. 27 F.3d 160 (5th Cir. 1994). The court in *Falco*, articulates the Fifth Circuit rule differently than Plaintiff suggests.[4] The court says, "*when*

---

[3]For example, the ALJ evaluated: (1)Plaintiff's daily activities of visiting friends, active in church, and following current events (Tr. 15); (2) Plaintiff's location, duration, frequency, and intensity noting the medical evidence of pain in the neck and back (Tr. 16); (3) the precipitating and aggravating factors are noted in the conclusion that Plaintiff should be limited to jobs with little public interaction (Tr. 20); (4) the success and regularity of Plaintiff's anti-coagulant and anti-depressant medications (Tr. 15-16); (5) noting the physician's treatment regimen of pain medication, weight loss, and physical therapy (Tr. 16).

[4]Plaintiff's argument suggests that *Falco* requires an ALJ to articulate specific reasons for rejecting subjective complaints in all situations. (Pl.'s Brief at 11.) The Court disagrees.

10

*the evidence clearly favors the claimant*, the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain." *Falco*, 27 F.3d. at 163 (emphasis added).  Plaintiff's brief marshals statements from the record to demonstrate that the subjective complaints, if properly credited, could result only in a ruling favorable to the Plaintiff.  (Pl.'s Brief at 13-4.)  However, the record as a whole demonstrates otherwise.

A considerable body of evidence from other sources, including examining physicians and medical records,[5] does not consistently support or corroborate the limitations alleged.  The insufficient evidence confirming Plaintiff's subjective complaints fails to meet the higher burden of "clearly favors" required by *Falco*.  *Falco*, 27 F.3d. At 163.  Instead, the ALJ's rejection of the non-exertional limitations, the need to lie down thirty minutes to three hours a day (Tr. 19), conforms to the standards set by the Fifth Circuit, which allows subjective complaints to be rejected when the limitations are not corroborated by objective medical evidence.  *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir.1989).

Alternatively, Plaintiff argues that Social Security Ruling 96-7p ultimately requires a specific credibility finding in relation to the Plaintiff's subjective complaints and their limiting effects.  The ALJ summarized his credibility findings:

> Based on the evidence in its entirety, claimant's testimony and other statements regarding his subjective complaints and functional limitations were generally credible, but his testimony, the objective medical evidence and reasonable inferences therefrom does not support the conclusion that he is incapable of performing any level of sustained work activity.

(Tr. 20.)  Plaintiff raises the district court's critique of the ALJ in *Prince v. Barnhart* which criticizes the "generally credible, but" language used by the ALJ in that case.  418 F.Supp.2d 863, 873 (E.D.

---

[5]*See* Def.'s Brief at 6-10.

11

Tex. 2005). The court in *Prince* is concerned with the inconclusive nature of the ALJ's statement, "generally credible, but that he [claimant] can make a vocational adjustment to perform other work," asking "[w]hat does 'but' refer to." *Id.* This Court does not find the same ambiguity exists in the present case. The ALJ articulated that Plaintiff's testimony, the objective medical evidence, and reasonable inferences therefrom provided the basis for rejecting the limitations of the subjective complaints. (Tr. 20.) This statement satisfies the requirements of SSR 96-7p because the ALJ provided analysis and findings that support his rejection of Plaintiff's subjective limitations.

The ALJ's review of the entire record, including Plaintiff's subjective testimony, reflects that the ALJ properly applied the relevant legal standards in weighing the evidence and leaves no doubt that substantial evidence exists to support the ALJ's decision.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the decision of the ALJ be AFFIRMED.

SO RECOMMENDED 3rd day of August, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc*).*